UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST BANK, N.A.,

    Plaintiff,

v.

Case No: 6:17-cv-1891-Orl-18TBS

DEANO S. ESPOSITA, AMY C. ESPOSITA, ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST, REGIONS BANK, MAGNOLIA PLANTATION HOMEOWNERS ASSOCIATION, INC. and TENANT 1, TENANT 2, TENANT 3, AND TENANT 4,

    Defendants.

*Approved [as] ordered 28 Nov 17*
*G. Kendall Sharp*
*U.S. District Judge*

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Defendant Deano S. Esposita's Motion for Leave to Proceed in Forma Pauperis (Doc. 3). There are multiple problems with this case. Here, I focus solely on the Court's lack of jurisdiction. Because I find that the Court does not have jurisdiction, I respectfully recommend that the case be **REMANDED** and that Esposita's motion be **DENIED**.

### Background

Plaintiff SunTrust Bank filed a mortgage foreclosure complaint against Esposita and other defendants on August 7, 2009 (Doc. 2). The case proceeded along a tortuous path for years in state court while Esposita filed for bankruptcy protection in 2011, 2013

and again in 2015.[1] See state court docket and Case No. 6:16-cv-1432-RBD, Doc. 6-1. In papers filed in state court, Esposita claimed that "on December 9, 2016, Defendant removed the case to Federal Court." (Doc. 1-2 at 16).[2]

Final judgment for SunTrust was entered in the state court on December 12, 2016 (Docs. 1-1 at 54 and 1-2 at 7). Esposita moved to vacate the judgment, contending that exclusive jurisdiction was vested in the federal court (Doc. 1-1 at 38). SunTrust also moved to set aside the final judgment and sale, and asked the state court to assess sanctions against Esposita (Doc. 1-1 at 64). On June 7, 2017, the state court judge granted the motion to set aside the judgment and sale, and directed SunTrust to set its motion for sanctions for evidentiary hearing (Doc. 1-2 at 10-11). The hearing was noticed for November 3, 2017. Esposita filed his notice of removal to this Court on November 2, 2017 (Doc. 1).

Esposita alleges due process violations occurring in the state court and purports to remove "this action" from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida based upon federal question jurisdiction (Doc. 1). He claims that "Plaintiff[] has already been granted the relief requested and therefore the removal is not subject to remand based on the what appears on the face of Plaintiff's complaint." (Doc. 1, ¶ 2). Going further, Esposita asserts that "Plaintiff's complaint does not legally exist" and "the current proceedings taking place in the state court are sham proceedings, known to Plaintiff to be sham pleadings because plaintiff already foreclosed on the Property and received title ...." (Id., ¶ 7). No other defendant has joined in the removal of this case. Esposita seeks to proceed as a pauper in this Court.

---

[1] See Circuit Court docket, available electronically at:
https://www.seminoleclerk.org/CivilDocket/case_detail.jsp?CaseNo=2009CA006648

[2] I find no record of such a removal in the docket of this District.

## Discussion

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3).

Removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of

remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Although § 1441 speaks to removal of civil "action[s]," Esposita is not purporting to remove the state court action; in fact, he specifically disclaims any intent on removing the state court complaint, but appears to be focused on unspecified "current proceedings" within the long pending state court action.[3] The federal courts have generally construed the phrase "civil action" in the § 1441 context "to require a suit separate from, and not ancillary to, a suit in state court." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1134 (11th Cir. 2013). Esposita has not identified any separate suit.

Removal jurisdiction is also determined "based on the plaintiff's pleadings at the time of removal." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983) (emphasis original). No federal question appears on the face of SunTrust's state court complaint.

Additionally, under the unanimity rule, a notice of removal is not effective unless all defendants consent to and join in the notice. Bailey v. Janssen Pharmaceutica, Inc., 536

---

[3] There is no showing that removal of the complaint, filed many years ago, is timely under § 1446.

F.3d 1202, 1207 (11th Cir. 2008). The other defendants have not joined in the removal of this case.

Simply put, there is no basis for removal of the state court action to this Court, and Esposita's purported removal is frivolous as a matter of law.

### Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that Esposita's motion be **denied** for lack of jurisdiction, and that this case be **remanded** for improvident removal.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties